**IN THE MATTER OF**
**THE REGISTRATION OF THE MATAI TITLE "ALALAMUA"**
**IN THE VILLAGE OF TA'U, MANU'A TELE,**
**AMERICAN SAMOA**

No. 68-1973

High Court of American Samoa

Civil Jurisdiction, Appellate Division

March 22, 1974

On February 28, 1973, the decision of the Land and Titles Division awarding the title ALALAMUA to candidate Savini L. Siva was announced. Motions for a new trial by defeated candidate Savea'ena Moetoto and Uso Lagoo were denied on June 6, 1973.

On June 14th and 15th, 1973, notices of appeal with requests for the estimated cost of the transcript were filed in writing by Uso Lagoo and Savea'ena Moetoto, respec-

tively. On June 26, 1973, Clerk of the Court Robert Cochran sent a letter to each of the appellants notifying them of the estimated cost of the total transcript, and informing them that each would be responsible for the payment of one-half of the total. Savea'ena Moetoto deposited one-half of the total estimated transcript cost with the High Court on July 19th. On August 1st, Uso Lagoo deposited the other half of the total estimated cost. The transcript was never prepared.

On March 5, 1974, appellee-Siva through his counsel Mariota Tuiasosopo moved to dismiss the appeal. On the same date the court issued a rule to show cause why the appeal should not be dismissed and scheduled a hearing on said rule for March 12, 1974.

The hearing was held on March the 12th, and appellee argued that the appeal should be dismissed since appellants failed to perfect their appeal in that they had failed to file a transcript as required by the Rules of Practice.

Under the American Samoa Code, Title 11, Section 5122(3) (1973), the appellant must file the record on appeal within 30 days after filing his notice of appeal. Rule 55(1) of the Rules of Practice specifies what items must be filed to compose the record. An appellant will be in compliance with Rule 55(1) when all the following items are transmitted to the Appellate Division file.

(a) All papers contained in the trial division file. The Clerk of Court normally transmits these items to the Appellate Division file at the appropriate time.

(b) A certified copy of the docket sheet. The docket is in the custody of the Clerk of Court and a certified copy should automatically be transmitted to the Appellate Division file by the Clerk at the appropriate time.

(c) Depending upon the nature of the appeal, the appellant's basic responsibility is to see that one of the following are timely filed with the Clerk of Court for transmission to the Appellate Division file:

(1) Complete or partial reporter's transcript—Rule 55(2).

(2) A statement of the evidence—Rule 57.

(3) An agreed statement of the case—Rule 58.

Since both appeals are based upon the grounds that the decision is at variance with the evidence, under Rule 55(2) the appellants were required to file either an entire or partial transcript of the proceedings. The latter rule also provides that if a transcript is to be included as part of the record, within 10 days after filing the notice of appeal the appellant *shall* order it from the reporter. The same rule further provides that at the time of ordering, a party must have prepaid the estimated cost of the transcript to the Clerk of the Court. Under Rule 56 a transcript order must be in writing.

The issue before the Court is whether this appeal was perfected. Under the Code the record must be filed within 30 days after the notice of appeal. Consistent with this statutory directive, Rule 55(2) requires that an order for a transcript must be placed within 10 days after the notice of appeal. Thereafter the Clerk of Court is directed by Rule 56 to prepare the transcript within 30 days from the notice of appeal. It would then be available for filing within the 30 day period.

In the instant action, whether or not the transcript was *ordered* within the 10 day period required by Rule 55(2) depends upon the interpretation the court places upon the writings that were filed.

The notice of appeal was filed on June 6, 1973. Therefore, under Rule 55(2), the order for the transcript should have been placed with the Clerk of Court by June 16, 1973. No writing *specifically* ordering a transcript was ever filed.

On June 14th and June 15th, respectively, the appellants in their notice of appeal each requested an estimate of the cost of the transcript. It is questionable whether a written

request for an estimate constitutes a written order for a transcript as required by Rules 55(2) and 56. If the Court considers a written request for an estimate as sufficient to satisfy the rule's requirement for a written order then the appeal should be considered perfected insofar as a written order is concerned. The proportionate cost of the estimate was, in fact, paid by each of the parties after notice thereof. The fact of payment lends support to the conclusion that the written request for an estimate of the cost of preparing the transcript contained in each of their notices of appeal was sufficient to satisfy the rule's requirement of a written order.

▮ By virtue of the fact of actual payment of the estimated cost of the transcript by the parties, it appears to the Court that this is tantamount to an order for such transcript sufficient to satisfy Rule 55(2). It is to be noted, however, that even if such payment were considered to be an order, this did not occur within the 10 day period specified by Rule 55(2).

When an appellant proceeds under Rule 55(2) on appeal (as opposed to proceeding under Rule 57), the appeal will be perfected when the appellant orders in writing a transcript and prepays the estimated cost of that transcript within 10 days after filing his notice of appeal. The rule requires order and prepayment within that 10 day period. Prepayment was not made within such period; in fact, it could not have been made since the estimate of the cost was not provided to the parties until June 26th, more than 10 days after the notice of appeal. After receipt of the estimate, Appellant Savea'ena Moetoto paid his proportionate share within two weeks thereafter; Appellant Uso Lago'o paid his proportionate share approximately five weeks later. The parties should not be penalized for the failure of the Clerk to provide an estimate of the cost of the transcript.

977

It is incumbent upon the Clerk of Courts, pursuant to Rule 56, to prepare the transcript within 30 days following the notice of appeal. If this is done, the appellant can then file the transcript and perfect his appeal.

If an appellant has ordered and prepaid the estimate within the 10 day period, where this is not precluded by some delay occasioned by the Court, itself, and the transcript is not thereafter prepared for filing by the Clerk of Courts within 30 days from the date of the notice of appeal, the appellant should not be penalized for not having the transcript filed within that period, as we have stated above.

By filing the written order and prepaying the estimated cost he has done all that he can reasonably be expected to do. At this point we would necessarily consider his appeal perfected. If the Clerk is unable to prepare the transcript within 30 days from the date of the notice of appeal, after a written order and prepayment has occurred within 10 days following the notice of appeal, then it would appear to the Court that it is the Clerk's responsibility to file a writing enumerating the reasons why he would be unable to provide the transcript within that period, notifying the Court and all interested parties. Rule 56.

To dismiss an appeal on the basis of the sheerest hypertechnicalities would frequently defeat the ends of justice, and this is especially so where delays occur in the operation of the Court itself, whether or not such are prompted by actions or representations of counsel.

This case is distinguishable from *In Re Fogagogo*, App. 64-73 (1973) wherein a notice of appeal was filed on March 12, 1973, and during the following five months appellant took no further action in pursuit of his appeal. Thereafter a motion to dismiss the appeal for failure to comply with the Rules of Practice Governing Procedure in the High Court, namely Rules 55(2) and/or 58, was granted.

Likewise, it is distinguishable from *Mila v. Toilolo*, App. 55-73 (1973), wherein the appellant filed a notice of appeal on March 15, 1973, an estimate of the cost of the transcript was mailed on July 11, 1973, and a motion to dismiss for failure to perfect the record was filed on August 30, 1973. The Motion was granted since appellant had done nothing after receiving the estimate. Similarly, it is distinguishable from *Eseroma v. Puapuaga Tuaua*, App. 69-73 (1973) wherein after filing a notice of appeal appellant took no further action for some two months. Thereafter a motion to dismiss was granted for failure to comply with the Rules of Practice.

In the instant case, liberally construing the written request for an estimate as a written order in view of the subsequent payment of such estimate, the actions of the Appellants can be regarded as having substantially complied with the Rules of Court.

Strict compliance with the Rules of Court Governing Practice and Procedure in the High Court is generally required, exceptions and liberality being applied only in the most deserving of cases, and where it can be found that the alleged offenders have not been derelict in their responsibilities to pursue their remedies with dispatch and due diligence.

It is to be noted that in this case the transcript was never prepared even though seven months have elapsed since both parties paid their proportionate share of the estimated cost of the transcript. This does not appear to be the fault of the parties.

The Court is convinced that the Appellants have evidenced their willingness to pursue this appeal in that they have paid the estimated cost of this transcript and appeared at the hearing on March 12th, arguing that they were awaiting the transcript in order to prepare their briefs.

The instant problem arises, it would appear, as a result in part from a misunderstanding of the rules on the part of counsel and the courthouse staff, and it would be manifestly unjust to proscribe the Appellants under the particular facts of this case.

Accordingly, the Motion to Dismiss the Appeal is hereby denied.